Serrano v Athena Props. LLC (2026 NY Slip Op 01621)

Serrano v Athena Props. LLC

2026 NY Slip Op 01621

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 814752/23|Appeal No. 6154|Case No. 2025-02757|

[*1]Amber Serrano, Plaintiff-Appellant-Respondent,
vAthena Properties LLC et al., Defendants-Respondents-Appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant-respondent.
Kahana & Feld LLP, New York (Samantha Velez of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered March 5, 2025, which denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and denied defendants' cross-motion for summary judgment dismissing the Labor Law §§ 240(1), 241(6), and 200 and common-law negligence claims, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff, who fell from a ladder while installing ductwork at defendants' premises, established prima facie entitlement to summary judgment on her Labor Law § 240(1) claim by establishing that the ladder failed to afford her proper protection (see Begnoja v Hudson Riv. Park Trust, 238 AD3d 481, 482 [1st Dept 2025]). Plaintiff's testimony and video footage of the accident show that the ladder shifted and moved while plaintiff began her descent and that no other safety devices were made available to her. Plaintiff was not required to demonstrate that the ladder was defective to establish prima facie entitlement to summary judgment on her Labor Law § 240(1) cause of action (id.).
In opposition, defendants failed to establish that plaintiff was the sole proximate cause of the accident. The video footage of the accident contradicts defendants' expert opinion that plaintiff lost her balance on a mispositioned ladder. The video shows that plaintiff began descending the ladder after she had finished installing the screw, stored the drill, and placed her hand on the top platform of the ladder. In any event, even if the ladder, which was set up by plaintiff's foreman, was positioned where she had to reach to install the zap screw or had to lean to install it, that "at most establishe[s] comparative negligence, which is not a defense to a Labor Law § 240(1) claim" (Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]).
Because plaintiff should have been granted partial summary judgment on her Labor Law § 240(1) claim, defendants' arguments concerning plaintiff's Labor Law §§ 241(6) and 200 and common-law negligence claims are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026